THIEMANN, *Appellant*, v. HEINZE *et al.*

Division One, March 5, 1894.

Equity: FRAUD: RESCISSION OF CONTRACT. Plaintiff exchanged his house for defendant's half interest in a hotel. The principal business of the hotel was reputable though some of the rooms were used for immoral purposes. Defendant made no representations as to the value or character of the business carried on and refused plaintiff's request to re-exchange. Plaintiff ran the hotel profitably for six months, and then, having differed with his co-owner, sold out. *Held*, that plaintiff, who had not complained to defendant of the character of the business was not entitled to a rescission of the exchange of property.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

Thiemann v. Heinze.

*C. M. Napton* for appellant.

The fraud in this case consisted in two things: *First.* The representation that the house plaintiff was buying was "a good business"—a "nice business." *Second.* In the concealment from plaintiff of the true character of the business. "If the representation is of a material fact, and induces the contract, it is, even when innocently made, a good ground for setting aside the contract." *Shackelford v. Handley*, 1 A. K. Marsh. 496. If statements, false in fact, were made, but believed to be true, then the person making them is responsible, if he should have known the fact. *Slim v. Croucher*, 2 Giff. 37. Heinze says he did not know the business in St. Louis was that of keeper of a house of prostitution, but he is responsible whether he did or not. We had a right to rely upon Heinze's representations, and it is no defense that we may have ascertained the facts by a thorough investigation. *Bank v. Hyatt*, 58 Cal. 234. On a sale of a business establishment, if the purchaser has no knowledge of the business, and relies on the seller's statement, and the seller's statements are false, although he believes them to be true, still he is liable. *Brown v. Fenn*, 90 Pa. St. 359; 5 Lawson's Rights, Rem. and Pr., secs. 2350, 2351.

*John W. McElhinney* for respondents.

(1) There is no reversible error in the matter of permitting Heinze to testify as to contents of the letter written to plaintiff. *First.* No exception was saved by counsel at the time his objection was overruled. He should have apprised the court that he would further insist that the ruling was erroneous. *Second.* A sufficient foundation was laid for the admission of this evidence. Mrs. Thiemann testified that they had

received no such letter, and counsel for plaintiff stated that Thiemann says he got no such letter.    Therefore they could not complain of having received no notice to produce it.  On the other hand, Mr. Heinze testified that he mailed it to their address with a return request upon the envelope and it was not returned.    There is, therefore, some evidence that they received it, notwithstanding their denial.  The only ground of the objection made was that there was no proof that the letter was received. The proof of foundation for admission of secondary evidence is largely in the discretion of the trial court. *Henry v. Diviney*, 101 Mo. 378; *Christy v. Kavanagh*, 45 Mo. 375; *Philipps v. Scott*, 43 Mo. 86.    (2)  There was no fraud.

BLACK, P. J.—Louis Thiemann, plaintiff, owned a house and lot in Clayton, near the city of St. Louis. The defendant, Hermann Heinze and August Richter owned certain furniture and personal property which they used in carrying on a lodging house in the city of St. Louis, known as the Arlington Hotel.  On the eighteenth of November, 1889, Thiemann and Heinze made an exchange of properties, whereby Heinze transferred his one-half interest in the personal property to Thiemann at the estimated value of $1,200.  Thiemann conveyed his house and lot to Heinze at the value of $800 and gave his note for the remaining $400, secured by a chattel mortgage on the one-half interest in the personal property so purchased of Heinze.  Thiemann and his wife moved into the hotel, and they and Richter carried on a lodging house business for five or six months.  Differences arose between Richter and Mrs. Thiemann and Thiemann sold his half interest in the personal property to one Gold on the twenty-second of April, 1890, for $1,200, taking the notes of Gold for that amount, secured by a chattel mortgage on the

interest in the personal property so sold. Thiemann and his wife then left the hotel.

In June, 1890, Heinze conveyed the lot which he received from Thiemann, to the defendant Sanguinet for the consideration of $900.

Richter and Gold carried on the lodging house business for a period of about six months after Gold purchased Thiemann's interest in the furniture, that is to say, after April, 1890. During that period Gold paid six of the notes of $20 each, which he had given Thiemann, but failed to make any further payments. Thiemann then took back the undivided half interest in the personal property which he sold to Gold. This interest was sold in March, 1891, under the chattel mortgage given by Thiemann to secure the $400 to Heinze, and Heinze became the purchaser at the price of $300, that being the amount then due on the $400 note. Thereafter Heinze and Richter sold the personal property for $1,050, out of which Heinze received $300 and no more.

Thiemann commenced this suit in May, 1891, to set aside the deed from him and his wife to the defendant Heinze, dated the first of November, 1889, and to set aside the deed from Heinze, to Sanguinet, made in June, 1890. The substantial averments made in the petition are, that Heinze represented to the plaintiff that the hotel was doing a very profitable business; that it was a reputable place; that plaintiff made the exchange of properties relying upon such representations, and that the representations were false; that the house was a resort for low characters and was used for immoral purposes.

The evidence discloses these facts: The defendant Heinze purchased a one-half interest in the hotel personal property about one month before he made the trade with the plaintiff. Richter ran the hotel or

lodging house, and Heinze knew nothing about the business. Thiemann, Heinze and Richter all resided in Clayton and were well acquainted. Thiemann was a laboring man and knew little or nothing about general business matters. It seems his wife was anxious to get into some business where they could make some money. She and Mrs. Heinze talked about the trade on several occasions, during a period of about four weeks. Mrs. Thiemann spoke to her neighbors about it, and they advised her not to make the trade. During that month she and Thiemann went to the hotel and saw it and the property and Richter, and finally concluded to make the trade. The evidence shows that Heinze said the house was making money and had a good business, and that he received $45 or $50 for his share for the one month. The evidence shows that Thiemann and his wife made a net profit of $50 per month for their one-half interest from the business during the five or six months that they remained at the hotel. The evidence utterly fails to show that any false representations were made as to the value of the business. This we understand to be conceded by the appellants in this court.

The plaintiff's case must, therefore, stand or fall on the averment that Heinze represented the business of the house to be reputable. As to this issue there is no evidence showing or tending to show that Heinze made any representations as to the character of the business carried on at the hotel. It is clear that he, as well as the plaintiff and his wife, supposed the business was a reputable one, and they had no other thought. The plaintiff and his wife testified that as soon as they moved into the house they found it was frequented by lewd women. Indeed she characterizes it as a whore house. The fact seems to be that the house was patronized to some extent by lewd women,

who took men to their rooms, but it does not appear that such was the principal business of the house. The plaintiff and his wife asked Heinze to take back the furniture and give them their house and lot, which he refused to do, but they do not claim that they said anything to him about the character of the business carried on by Richter. Indeed they say they did not tell him the house or rooms had been used for immoral purposes, or make àny complaint to him because of the character of the business. They continued to remain in the house and carry on the business with Richter for five or six months, and then sold out to Gold; and during all that time made no complaint to Heinze that the house was of bad repute. They sold out because Mrs. Thiemann and Richter could not agree, and the complaint lodged against Heinze is clearly an afterthought. The evidence does not show any misrepresentation made by Heinze, as to the value or character of the business carried on at the hotel; nor does it appear that he concealed any fact. We must therefore conclude that the plaintiff has failed to make out a case for equitable relief, even as against Heinze. The proof is all to the effect that Sanguinet purchased the lot from Heinze in good faith and paid the full value therefor. The judgment is therefore affirmed. BARCLAY, J., absent. The other judges concur.